# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ACCO BRANDS USA, LLC f/k/a/ ACCO BRANDS, INC., <br><br> Plaintiff, <br><br> v. <br><br> NOBLE SECURITY SYSTEMS, INC., OFFICE SECURITY SOLUTIONS, INC., and SECUCOMPUTER, INC., <br><br> Defendants. | No. 03 C 1820 <br> Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

In this patent case, Acco is trying to determine whether pursuing the litigation is worth its cost. The defendants, even if they did infringe, may have sold so few computer locks that the damages would be insignificant.

I allowed limited discovery limited to this end. Acco now seeks documents and testimony as well. One of the subpoenaed individuals is a former high ranking executive of Noble and Office Security. The relationship between her and her former employers is adverse. Defendants here have sued her elsewhere, alleging that she took Noble's confidential information and provided it to outsiders. Solely for the purpose of this order, I will assume that she did so and is now in wrongful possession of Noble's papers. Defendants move for a protective order to devise measures that would insure that attorney-client privileges are not breached and neither confidential business information nor trade secrets are compromised. In principle, I am prepared to grant part of that order. Whether it can be done is an open question.

In addition to the protective order, Defendants also raise a more fundamental objection to any production, even of documents that are not protected from full discovery. They argue that another party may not be allowed to possess documents that the witness wrongly possesses. For example, if an employee steals papers, these papers cannot be subpoenaed by a third party.

The law is sparse on this subject. Magistrate Judge Piester in Nebraska held that a plaintiff's attorney who stole a document from the defendant's bulletin board after conclusion of a deposition had to return it. *Speckman v. Minnesota Mining & Mfg. Co.*, 7 F. Supp. 2d 1030 (D. Neb. 1997) ("Misappropriating documents from an opponent or its lawyers violates the Federal Rules of Civil Procedure"). In my own District, Judge Williams faced a case in which about half of the papers produced by the plaintiff actually belonged to the defendant, who then demanded that the plaintiff return all of its stolen papers. The plaintiff argued that this was wasteful because the papers eventually would have to be produced by the defendant during discovery. Judge Williams correctly ruled that the defendant had an absolute right to the return of its papers and that it was just if the plaintiff had to bear the burden of retrieving them lawfully. *Lert v. A.C. Nielsen*, No. 92 C 2216, 1992 WL 212592 (N.D. Ill. Aug. 27, 1992). In simple terms, efficiency does not excuse theft.

There is no misconduct by Plaintiff or its attorneys in this case. The only argument in favor of stopping the production of the stolen papers is the protection of Defendants' rights against a third party whose misconduct cannot be attributed to Plaintiff. If this protection could be achieved with only a nominal cost to Plaintiff, there might be some force to the argument. However, the cost would be more than nominal. Plaintiff would have to wait for its discovery as long as Defendants sought the return of their documents in another court in some other state. In

theory, a defendant in this position might have an incentive not to recover papers that would be damaging to their defense.[1]

Plaintiffs therefore would suffer an unknown delay as well as uncertainty in securing discovery that is likely to be significant and to which it is clearly entitled. Of course if Plaintiffs had been involved in the misappropriation of papers in any way then this would be fair, but they were not involved. Defendants were the ones who hired the third party and entrusted her with their privileged material, confidential information and trade secrets. In the end, their own misjudgment created this difficulty for Plaintiff, and it is their own interests that must yield. There is no blanket prohibition against allowing discovery by an innocent litigant of papers in the wrongful possession of a third party. Similarly, there is no blanket rule requiring a party to wait for its opponent to recover stolen documents before it can seek them in discovery.

The motion for a protective order to preclude production of documents claimed to be stolen is denied. The motion for a protective order to safeguard any privileged or confidential documents or trade secrets is granted in principle.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: November 14, 2006

---

[1] Given the profoundly adverse relationship between Defendants and the third party, I do not believe they would use this tactic to prevent disclosure.